UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL SHORT,  
    Appellant,

Case No. 19-10454

v.

BASIL SIMON, as Liquidation Trustee of,  
Oakland Physicians Medical Center, LLC,  
    Appellee.

HON. AVERN COHN

_____/

# ORDER DENYING APPELLANT'S MOTION TO WITHDRAW (DOC. 1)

## I. INTRODUCTION

This is a bankruptcy case. Appellant, Michael Short ("Short"), has filed a motion to withdrawal the reference because he has not consented to bankruptcy court jurisdiction and "non-core" claims are at issue. Short filed a proof of claim in the bankruptcy court stating he is owed $952,377.80 on loans. The bankruptcy estate's trustee, Basil Simon ("Simon"), opposed the proof of claim and initiated an adversary bankruptcy action against Short.[1] Simon asserts six claims against Short in the adversary action:

    Count 1: Recharacterization of any advances made by Short  
    Count 2: Preferential transfers (11 U.S.C. §§ 547(b), 550(a), and 551)  
    Count 3: Fraudulent transfers (11 U.S.C. § 548)  
    Count 4: Avoidance of fraudulent transfers (under Michigan Law)  
    Count 5: Breach of statutory duty (MCL 450.1541a)  
    Count 6: Equitable subordination  
    Count 7: Claims disallowance

(Adv. P. Doc. 1).

---

[1] Case No. 16-05125

Short's motion seeks to specifically withdraw three of Simon's claims from bankruptcy court to district court. The three claims in which Short seeks withdrawal of the reference are:

- Fraudulent transfers (11 U.S.C. § 548)
- Avoidance of fraudulent transfers (under Michigan Law)
- Breach of statutory duty (MCL 450.1541a)

(Doc. 1); (Adv. Case Doc. 145). Simon filed a response brief, and Short filed a reply. (Docs. 3, 5). However, in Short's reply brief, he argued that the Court should withdraw *all* his claims for the sake of judicial economy. Because Short raised these new arguments in his reply brief, the Court permitted the parties to submit supplemental briefs. (Docs. 7, 8).

Now before the Court is Short's motion to withdraw the reference. (Doc. 1). For the following reasons, the motion is DENIED.

## II. BACKGROUND

This case relates to a voluntary petition for bankruptcy filed by Oakland Physician Medical Center, d/b/a Doctor's Hospital of Michigan, under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101–1532. After the petition for bankruptcy was filed, the bankruptcy court appointed Simon as the estate's trustee (Bankr. Doc. 154).[2]

At all relevant times, Short had an ownership interest in the Hospital and was a member of the board. Short's proof of claim states that he was owed money on loans he had made in the amount of $952,377.80. Simon, the trustee, objected to Short's proof of claim and initiated an adversary action against him.

---

[2] Bankruptcy Case Number 15-51011-mlo.

2

On May 23, 2019, the bankruptcy court held a hearing and issued a summary judgment decision from the bench. At the hearing, Simon represented to the bankruptcy court that he would voluntarily dismiss his breach of duty claim. Subsequently, Simon filed a brief with the Court consenting to the dismissal of his breach of duty claim. (Doc. 10). Accordingly, the Court will not address the jurisdictional issues related to Simon's breach of duty claim. Instead, the Court will focus on Simon's fraudulent transfer claims, and whether they are properly within the jurisdiction of the bankruptcy court.

### III. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1334, district courts have original jurisdiction over civil proceedings "arising under" or "related to" title 11 bankruptcy cases. 28 U.S.C. § 1334(b). District courts generally refer such cases "and all core proceedings arising under title 11" to the district's bankruptcy court. 28 U.S.C. § 157(b)(1). "Section 157(b)(2) provides a non-exclusive list of proceedings designated as 'core.'" In re: FKF 3, LLC, 2016 WL 4540842, at *5 (S.D.N.Y. Aug. 30, 2016) (citing 28 U.S.C. § 157(b)(2)). Historically, "core" proceedings were decided by a bankruptcy court. With respect to "non-core" proceedings, the bankruptcy court could enter a final order if the parties consent to its jurisdiction. Id. Otherwise, the bankruptcy court must submit proposed findings of fact and conclusions of law to the district court, which are then subject to *de novo* review. Id.

However, the Supreme Court altered this framework in Stern v. Marshall, 564 U.S. 462 (2011). In Stern, the Supreme Court was faced with a counterclaim that was filed by the debtor's estate against a person that had filed a claim against the estate. 564 U.S. at 473. The Court held that the statutory designation of "core" does not

3

necessarily determine whether a bankruptcy court can enter a final decision. Instead, the inquiry into whether state law counterclaims are within the adjudicatory power of bankruptcy courts hinges on "whether the action at issue stems from the bankruptcy proceeding itself or would necessarily be resolved in the claims allowance process." Stern, 564 U.S. at 499. The Supreme Court has stated that district courts must remain faithful to Article III of the United States Constitution by distinguishing between "actions that seek to augment the bankruptcy estate and those that seek a *pro rata* share of the bankruptcy *res*." Id. (quoting Granfinancieria, S.A. v. Nordberg, 492 U.S. 33, 56 (1989)) (internal quotations omitted).

## IV. APPLICABLE LAW

Simon cites to In re Glob. Technovations Inc., 694 F.3d 705, 721–22 (6th Cir. 2012), saying that this case is precedential and supports the conclusion that his fraudulent transfer claims are properly within the jurisdiction of the bankruptcy court. The Court agrees.

In Glob. Technovations, a creditor filed a proof of claim in a bankruptcy proceeding, which the debtor disputed. Id. at 711. The debtor disputed the claim on the basis that the money owed resulted from fraudulent transfers. Id. at 712. The bankruptcy court exercised jurisdiction over the fraudulent transfer claim and issued a final decision. The district court agreed with the bankruptcy court's exercise of jurisdiction, and the Sixth Circuit affirmed. In its decision, the Sixth Circuit emphasized that "[w]hen a claim is 'a state law action independent of the federal bankruptcy law and not necessarily resolvable by a ruling on the creditor's proof of claim in bankruptcy,' the bankruptcy court cannot enter final judgment." In re Glob. Technovations Inc., 694 F.3d 705, 721–22 (6th Cir. 2012) (quoting Stern, 564 U.S. at 499)). However, the Sixth

4

Circuit found it relevant to consider the fact that the defendant "brought itself voluntarily into the bankruptcy court." Id. The court held that when a fraudulent transfer claim is asserted as a defense against a proof of claim "[i]t is crystal clear that the bankruptcy court ha[s] constitutional jurisdiction under Stern." Id. This is especially true when "'it [i]s not possible to rule on [the] proof of claim without first resolving' the fraudulent-transfer issue." Id. (quoting Stern, 131 S.Ct. at 2616 (citing Katchen v. Landy, 382 U.S. 323, 329–30, 332–33, and n. 9, 334 (1966)).

Moreover, a district court in this circuit has also said that fraudulent transfer claims are within the bankruptcy court's jurisdiction. In In re Appalachian Fuels, LLC, the court held:

> Taking the specific facts and issues in Stern and Granfinanciera into consideration, in addition to the Supreme Court's deliberate attempt to limit the scope of its holdings in both cases, this Court cannot extend the holding of Stern to fraudulent conveyance and preference actions. The statutorily core claim examined in Stern was a counterclaim based on state tort law and was in no way derived from or dependent upon bankruptcy law. In the present proceeding, Plaintiff's fraudulent conveyance and preference claims arise under the Bankruptcy Code, or at least, arise in a bankruptcy case. The Stern decision itself acknowledged that whether a matter is core requires a consideration of whether the action at issue stems from the bankruptcy itself or is derived from or dependent upon bankruptcy law. Moreover, ***but for the bankruptcy, Plaintiff could not assert the fraudulent conveyance and preference claims against Defendants.*** Accordingly, Plaintiff's fraudulent transfer and preference claims are statutorily defined core claims to which the holding of Stern does not apply, and therefore the Bankruptcy Court has authority to enter final orders and judgments on such claims pursuant to 28 U.S.C. § 157(b)(1).

472 B.R. 731, 741 (E.D. Ky. 2012) (internal citations omitted) (emphasis added).

The Court finds the Sixth Circuit's decision in Glob. Technovations is binding precedent under the facts presented by this case. A decision that fraudulent transfer claims are core, non-Stern claims, is also supported by the Appalachian Fuels decision.

5

## V. CONCLUSION

Simon has voluntarily dismissed his claims for breach of duty and the fraudulent transfer claims are within the jurisdiction of the bankruptcy court. Because none of the remaining claims are outside the purview of the bankruptcy court, Short's motion to withdraw the reference (Doc. 1) is DENIED.

SO ORDERED.

                                                    <u>s/Avern Cohn</u>
                                                    AVERN COHN
                                                     UNITED STATES DISTRICT JUDGE

Dated: 7/1/2019
Detroit, Michigan